IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS ROY REEVES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 12-00006-KD-N |
| | ) |
| VETERANS ADMINISTRATION, | ) |
| | ) |
|     Defendant. | ) |

REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge on a motion to dismiss for lack of jurisdiction (doc. 5) filed by the defendant, the Secretary of the Department of Veterans Affairs, designated in the Complaint as the Veterans Administration (doc. 1). This action has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the motion, plaintiff's response in opposition thereto (doc. 12), and all other relevant portions of the record,[1] the undersigned concludes that the motion to dismiss for lack of jurisdiction is due to be **GRANTED**.

---

[1] Pending before the undersigned is also defendant's motion (doc. 15) for the Court to close the briefing schedule and take defendant's motion to dismiss (doc 5) under submission and plaintiff's objections (doc. 16) to defendant's motion to close the briefing (doc. 15). Inasmuch as the defendant's motion to close the briefing and take the motion to dismiss under submission, such motion is hereby declared **MOOT** and plaintiff's objection is hereby **OVERRULED** because defendant's motion to dismiss (doc. 5) constituted a timely response by the defendant to plaintiff's Complaint.

I.   Background .

On January 6, 2012, plaintiff proceeding *pro se* filed a Complaint (doc. 1) against the Veterans Administration claiming that he was denied the right to an impartial hearing regarding his "service connected disability." (Doc. 1 at ¶¶ 4, 6). The Secretary of Veterans Affairs responded by filing a motion to dismiss for lack of jurisdiction (doc. 5).[2] Plaintiff, in apparent response to the Court's Order dated April; 24, 2012 (doc. 9), filed an "objection" (doc. 12) to the defendant's motion to dismiss (doc. 9), which challenged certain factual allegation by the defendant but failed to address any of the legal arguments concerning this Court's lack of jurisdiction over this matter. Plaintiff specifically declares that he is "pleading for this court to take the case and get it out of the V.A's control." (Doc. 12 at 1). The defendant thereafter advised the Court on May 10, 2012, that it would not file a reply because the "Plaintiff has not sufficiently, nor accurately refuted Defendant's arguments that this Court lacks subject matter jurisdiction in the instant case." (Doc. 14). The matter is, therefore, ripe for adjudication.

II.   Standard for 12(b)(1) Motion.

A motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(1) may assert challenges to subject matter jurisdiction which are either factual or facial. McElmurray v. Consol.

---

[2] The Defendant has filed portions of Plaintiff's Administrative Record "as a means to allow the Court to evaluate for itself the merits of the jurisdictional issue." Doc. 5 at 3. Because these documents are portions of the actual certified record of the administrative proceedings related to Plaintiffs' complaint and are central to the complaint, like those appended to Defendant's instant motion to dismiss, the contents are not in dispute for purposes of this Court's analysis. Plaintiff seeks, in sum, veteran's benefits for asbestosis related illnesses because he contends that he was exposed to the asbestosis while in active military service from February 1961 to December 1961. (Docs. 5-5 at 2 and 5; 5-7 at 2-3).

Gov't of Augusta-Richmond Cnty, 501 F.3d 1244, 1251 (11th Cir. 2007).  It is well established that, when a defendant properly challenges subject matter jurisdiction under Rule 12( b)( 1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56'. Turcios v. Delicias Hispanas Corp., 275 Fed. Appx. 879, 880 (11th Cir. 2008), *quoting* Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003)(*quoting* Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually." Spring Air International, LLC v. R.T.G.Furniture Corp., 2010 WL 4117627, *1 (M.D. Fla. Oct. 19, 2010), *quoting* Morrison, 323 F.3d at 925 n. 5. With respect to a facial challenge, the allegations in the complaint are assumed to be true by the Court, which then must determine whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Id.*, citing Lawrence, 919 F.2d at 1529. In contrast to a facial challenge, a factual attack challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* at *2, *quoting* Lawrence, 919 F.2d at 1529. (additional citations and footnotes omitted.)

In other words, "when a Rule 12(b)(1) motion constitutes a factual attack on subject matter jurisdiction, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue'." Turcios, 275 Fed. Appx. at

880, (*quoting* Lawrence, 919 F.2d at 1529). The Eleventh Circuit has made it clear, however, that:

> [T]he district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.' If a jurisdictional challenge does implicate the merits of the underlying claim then: '[T]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case'."

Turcios, 275 Fed.Appx. at 880, *quoting* Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997). "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.' " *Id.* at 880, *quoting* Morrison, 323 F.3d at 926 (*quoting* Sun Valley Gasoline, Inc. v. Ernst Enters., 711 F.2d 138, 139–40 (9th Cir. 1983)). *See also* Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir), *cert. denied*, 454 U.S. 897 (1981)("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."). "A district court may consider materials attached to a motion to dismiss pursuant to Rule 12(b)(1) 'if the material is pertinent to the question of the District Court's jurisdiction since it is always the obligation of a federal court to determine if it has jurisdiction."). Maria v. U.S. ex rel. Army Corps of Engineers, 2010 WL 2009968, *2 (E.D. La. May 17, 2010), *citing* Green v. Forney Eng'g Co., 589 F.2d

243, 246 (5th Cir. 1979), *quoting* State of Alabama ex rel. Baxley v. Woody, 473 F.2d 10, 12 (5th Cir. 1973).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). *See also* Vickson v. U.S. Dept. of Veterans Affairs, 2012 WL 1606012, *1 (M.D. Fla., May 8, 2012)(Court held that it lacked subject matter jurisdiction because "[c]laims concerning veterans' benefits are governed by 38 U.S.C. § 511, a statute curtailing this Court's review of VA benefits determinations."); Bell v. United States, 2012 WL 1599272 (M.D. Ala. Apr. 13, 2012)(same).

In this case, the motion to dismiss is predicated on the contention that "[t]he United States has not waived its sovereign immunity as to review of Department of Veterans Affairs (VA) decisions or procedures by any court other than the United States

5

Court of Appeals for Veterans Claims (CAVC)."[3]   "Federal sovereign immunity deprives a court of subject matter jurisdiction." Stackhouse v. United States, 2011 WL 820885, * 6 (D. Minn. Feb. 11, 2011), *quoting* Cooke v. Stanton,  2009 WL 424537 at * 4 (D. Minn. Feb. 18, 2009)(*citing* Riley v. United States, 486 F.3d 1030, 1031-32 (8th Cir. 2007)). When a challenge to subject matter jurisdiction is advanced, the plaintiff bears the burden to establish that jurisdiction exists. U.S. ex rel. Sanders v. East Alabama Healthcare Authority, 953 F.Supp. 1404, 1408-09 (M.D. Ala., 1996), *citing* Thomson v. Gaskill, 315 U.S. 442 (1942); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), *cert denied*, 449 U.S. 953 (1980); *see also*  Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).  If the motion to dismiss under Rule 12(b)(1) is based on a deficiency in the pleadings, the "standard of review is the same standard we apply in Rule 12(b)(6) cases." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007)(*citing* Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003). Under this standard, the plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims, namely the right to jurisdiction in this Court, rather than facts that are "merely consistent with such a right." *Id*., *citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

---

[3] The Court formerly known as the United States Court of Veterans Appeals has been redesignated as the United States Court of Appeals for Veterans Claims, effective March 1, 1999. Veterans Programs Enhancement Act of 1998, Pul. L. No. 105-368, §§ 511(a) and 513, 112 Stat. 3315, 3341, and 3342.

III.     Analysis.

At issue in this case is the authority, if any, of this Court to review a decision by the Department of Veterans Affairs (VA), or the procedures followed by the VA. Plaintiff has proffered no legal basis to find that the United States has waived its sovereign immunity in this matter.[4]  To the contrary, it is well established that:

> Under the Veterans Judicial Review Act of 1988 (VJRA), the VA Regional Office (RO) decides questions of law and fact relating to benefits decisions. *See* 38 U.S.C. § 511(a). The veteran may appeal the RO's decision to the [Board of Veterans Appeals ("BVA")], which either issues a final decision or remands to the RO. *See* 38 U.S.C. § 7104. The final decision "may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise," 38 U.S.C. § 511(a), except in certain limited circumstances, *see* 38 U.S.C. § 511(b). The CVA has exclusive jurisdiction over appeals from final decisions by the BVA. See 38 U.S.C. § 7252(a). The CVA has the authority to issue writs pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and to "compel action of the Secretary unlawfully withheld or unreasonably delayed." *See* 38 U.S.C. § 7261(a)(2); Cox v. West, No. 98-7002, 149 F.3d 1360, 1363 (Fed.Cir. 1998). The Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from the CVA. *See* 38 U.S.C. § 7292. A claimant may petition the United States Supreme Court for review of the decision of the Federal Circuit. *See* 38 U.S.C. § 7291.

In re Ressell, 155 F.3d 1012 (8th Cir. 1998).  *See also* Vietnam Veterans of America v. Shinseki, 599 F.3d 654, 656 (D.C. Cir. 2010)("Adverse decisions by the Board [of

---

[4] Plaintiff cannot avoid the bar of sovereign immunity by suing individual Federal departments, such as the Veterans Administration. *See e.g.* Lumarse, Inc. v. Department of Health and Human Services, 191 F.3d 460, n.2 (9th Cir. 2000), *quoting* Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977)("It is well established that federal agencies are not subject to suit eo nomine unless so authorized by Congress in explicit language.").  As a general rule, "a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or of the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Vann v. Kempthorne, 534 F.3d 741, 755 n. 5 (D.C. Cir. 2008). *quoting* Dugan v. Rank, 372 U.S. 609, 620, (1963) (internal quotation marks omitted).

Veterans' Appeals] can [] be appealed exclusively to the United States Court of Appeals for Veterans Claims ("CAVC"), an independent Article I federal court, [which] may review all legal issues . . . and, notably, has the power to 'compel action of the Secretary unlawfully withheld or unreasonably delayed' [and] [d]ecisions of the CAVC may be appealed to the United States Court of Appeals for the Federal Circuit which has authority to 'decide all relevant questions of law, including interpreting constitutional and statutory provisions'."); Veterans for Common Sense v. Shinseki, 2012 WL 1574288, *8 (9th Cir. May 7, 2012)("[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."), *quoting* Sugrue v. Derwinski, 26 F.3d 8, 10–11 (2nd Cir. 1994), and Hicks v. Veterans Admin., 961 F.2d 1367, 1369–70 (8th Cir.1992)("veteran's claim that his benefits were reduced because he exercised his First Amendment rights was ultimately a 'challenge to a decision affecting benefits' and precluded by § 511."); Weaver v. United States, 98 F.3d 518, 519–20 (10th Cir. 1996)("even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding" the matter constituted a "challenge" that was precluded by § 511.").  A review of the plaintiff's Administrative Record demonstrates that plaintiff is aware of the appellate procedures and has employed the same successfully as far as the CAVC on two prior occasions.  *See* Docs. 5-2 and 5-4.

     Nor may plaintiff rely upon the waiver of immunity found in the Administrative Procedure Act (APA), 5 U.S.C. § 702, because that waiver applies only to agency action

for which there is no adequate remedy in court, 5 U.S.C. § 704.[5]  Even if this Court assumed that plaintiff intended to assert a constitutional challenge to the VA's adverse decision regarding his claim for benefits, such a claim is unavailing.  "[S]ince the enactment of the [Veteran's Judicial Review Act ("VJRA")], federal courts have held repeatedly that they lack jurisdiction over constitutional challenges to VA benefits decisions."  Slater v. U.S. Dept. of Veteran Affairs, 2008 WL 977225, *5 (M.D. Fla. Apr. 9, 2008), *quoting* Beamon v. Brown, 125 F.3d 965, 972 (6th Cir. 1997)(*citing* Zuspann v. Brown, 60 F.3d 1156 (5th Cir. 1995) (district court lacked jurisdiction over benefits claim where plaintiff alleged due process violation)); *see also* Sugrue v. Derwinski, 26 F.3d 8, 10-11 (2nd Cir. 1994); Hicks v. Veterans Administration, 961 F.2d 1367 (8th Cir. 1992); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1500 (2nd Cir. 1992)(federal courts precluded "from hearing claims-even if draped in constitutional terms-seeking a particular type or level" of VA benefits); Pate v. Dept. of Veterans Affairs, 881 F.Supp. 553, 555-56 (M.D.Ala. 1995)(district court lacked jurisdiction over benefits claim, "although couched in terms of a constitutional claim").  Sovereign immunity is, therefore, not waived under the APA with regard to the adjudication of veterans' benefits claims, such as plaintiff's claim at issue in this case.

---

[5] In addition, § 701(a)(1) provides that Chapter 7 of the APA, including § 702's waiver of sovereign immunity, does not apply to cases in which "statutes preclude judicial review." 5 U.S.C. § 701(a)(1).  Section 511(a) of title 38, United States Code, provides such a statutory preclusion.

Although plaintiff takes issue with the defendant's assertion that he "maintains he was discharged from the Army with a 30% disability rating, a rating he did not receive from the VA [and] . . . seeks to compel restoration of the former disability rating,"[6] plaintiff does not challenge, nor could he, that this Court's review of the VA's benefit determinations as to the plaintiff "has been precluded by 38 U.S.C. § 511 and its predecessors."  (Doc. 5 at 6).  That section, as amended by the Veterans' Judicial Review Act (VJRA), Pub.L.No. 100-687, Div. A, §101, 102 Stat. 4105 (1988), and the Department of Veterans Affairs Codification Act, Pub.L.No. 102-83, §2(a), 105 Stat. 378, 388 (1991), provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that <u>affects the provision of benefits by the Secretary to veterans</u> or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511 (emphasis added).   The Supreme Court has addressed this statute and held that its purpose is twofold: (1) to ensure that veterans' benefit claims will not burden the courts and VA with expensive and time-consuming litigation, and (2) to ensure that the technical and complex determinations and applications of VA policy regarding such claims will be adequately and uniformly made.  <u>Johnson v. Robison</u>, 415 U.S. 361, 370 (1974).

---

[6] Plaintiff merely contends that he was in the Air Force, not the Army, and that "[t]he video conference  has several mistakes in the transcript." (Doc. 12 at ¶¶ 6 and 8).

When Congress enacted the VJRA on November 18, 1988, it provided a limited waiver of sovereign immunity for lawsuits seeking review of VA benefit decisions. Subject to certain stated limitations, the VJRA vests exclusive jurisdiction in the United States Court of Veterans Appeals (CVA) to review such decisions. *See* 38 U.S.C. ch. 72. Pursuant to 38 U.S.C. § 511(a), the Secretary of Veterans Affairs is responsible for deciding all questions concerning the provision of benefits to veterans, their dependents, or their survivors. An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals, which is the division within VA responsible for deciding appeals from decisions on claims for veterans' benefits. 38 U.S.C. §7104(a); 38 C.F.R. §20.101(a). The Board of Veterans' Appeals' decision may be appealed by the claimant to the Court of Veterans Appeals ("CVA"), pursuant to 38 U.S.C. §7252(a), and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C. §§ 7252(c) and 7292.  As the Second Circuit Court of Appeals observed:

> The VJRA provides, for the first time, judicial review of veterans' benefits determinations in the Federal Circuit; at the same time it broadens section 211's preclusion of judicial review by other courts. See H.R.Rep. No. 963, 100th Cong., 1st Sess. 27 (1988), reprinted in 1988 U.S.C.C.A.N. 5782, 5809.
>
> By providing judicial review in the Federal Circuit, Congress intended to obviate the Supreme Court's reluctance to construe the statute as barring judicial review of substantial statutory and constitutional claims, *see* Traynor, 485 U.S. at 542-43, 108 S.Ct. at 1378-79; Johnson, 415 U.S. at 366-67, 94 S.Ct. at 1165-66, while maintaining uniformity by establishing an exclusive mechanism for appellate review of decisions of the Secretary.

Larrabee, 968 F.2d at 1501.  The Second Circuit also set forth the limited scope of the review permitted should the case be appealed to the Federal Circuit:

> (d)(1) The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions. The court shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Veterans Appeals that the Court of Appeals for the Federal Circuit finds to be-
>
> > (A) arbitrary, capricious, and [sic] abuse of discretion, or otherwise not in accordance with law;
> >
> > (B) contrary to constitutional right, power, privilege, or immunity;
> >
> > (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
> >
> > (D) without observance of procedure required by law.
>
> (2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.

Larrabee, 968 F.2d at 1501, *quoting* 38 U.S.C. § 7292.  *See also* Sugrue, 26 F3d at 11 ("[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.").

In Hall v. U.S. Department Veterans' Affairs, 85 F.3d 532 (11th Cir. 1996), the Eleventh Court affirmed, on grounds of lack of subject-matter jurisdiction, the dismissal of a challenge by an incarcerated veteran to the constitutionality of a VA regulation, 38 C.F.R. §3.665, which requires reduction in disability compensation during periods of incarceration in excess of sixty days for felony convictions. The Eleventh Circuit held

that, "[a]side from the avenue of review made possible by the VJRA, judicial scrutiny of the regulation is available exclusively in the Federal Circuit Court of Appeals in accordance with 38 U.S.C. § 502." 85 F.3d at 535.  It is, therefore, clear that, under 38 U.S.C. § 511(a), constitutional challenges to VA regulations and procedures must be filed with the CAVC under 38 U.S.C. § 7252 or, in the case of direct review of regulations pursuant to 38 U.S.C. § 502, with the United States Court of Appeals for the Federal Circuit.  *Id*.

This Court must similarly reject any attempt by the plaintiff to hide his true cause of action in order to avoid the prohibitions of 38 U.S.C. § 511.  This Court must examine the substance of plaintiff's allegations, as aided in this case by a review of the Administrative Record relating to a denial of veterans' benefits, rather than their labels, to determine their true nature.  *See*, Weaver, 98 F.3d at 520.  *See also* Hicks v. Small, 69 F.3d 967, 970 (9th Cir. 1995)("[D]etermination of [plaintiff's] tort claims would necessitate a 'consider[ation of] issues of law and fact involving the decision to reduce [plaintiff's'] benefits,' a review specifically precluded by 38 U.S.C. § 511(a).").  Plaintiff's allegations demonstrate that he is challenging the VA's denial of benefits.  Such is evidenced by his contention that "[t]he VA has made several mistakes in their decisions in this matter"  (doc. 12 at ¶ 1) and "[t]hese mistakes are I feel an injustice to me and that is why I am pleading for this court to take the case and get it out of the V.A's control. (*id*. at § 8).  Jurisdiction is precluded by 38 U.S.C. § 511(a) and, as such, this action is due to be dismissed for lack of subject matter jurisdiction.  *See* Vickson, *supra*,

13

2012 WL 1606012 at 1 ("Claims concerning veterans' benefits are governed by 38 U.S.C. § 511, a statute curtailing this Court's review of VA benefits determinations.").

## CONCLUSION

For the reasons set forth above[7], it is recommended that the defendant's motion to dismiss (doc. 5) be **GRANTED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

The Clerk is hereby directed to serve plaintiff with a copy of this Order both by regular and certified mail, return receipt requested.

**DONE** this   22nd   day of May, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] The defendant has also demonstrated that this Court's review of the decision concerning plaintiff's VA benefits is also barred by the Tucker Act, 28 U.S.C. § 1346(d), which states, in pertinent part: "[t]he district courts shall not have jurisdiction under this section of any civil action or claim for a pension."  (Doc. 5 at 14).  The defendant further establishes that the plaintiff has failed to exhaust requisite administrative remedies because he "does not allege, nor does the [Administrative Record] support the fact, that the Regional Office benefit decision of which he complains has been appealed to the Board of Veterans' Appeals pursuant to 38 U.S.C. Ch. 71." (*Id*.).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days [8] after being served with a copy of the recommendation, unless a different time is established by order."  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this   22nd   day of May, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[8] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).