IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DENNIS ROY REEVES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION  NO. 12-0006-KD-N |
| | ) |
| **THE DEPARTMENT OF VETERANS AFFAIRS,** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

This action is before the Court on the "Objection to the Order to Dismiss" filed by Dennis Roy Reeves (doc. 23).  Previously, this Court entered an order and judgment dismissing for lack of jurisdiction Reeves' action against the Department of Veterans Affairs (docs. 22, 21).  The Court construes Reeves' objection as a motion for reconsideration.[1]

The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transportation.*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (*en banc*).  "The three primary grounds that justify reconsideration are: '(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*,  597 F.3d 1374, 1383 (Fed. Cir. 2010) (citations omitted); *see also Douglas Asphalt Co. v. QORE, Inc.*,  657 F.3d 1146, 1151 -1152 (11th Cir. 2011) ("We note also that many cases recognize that

---

[1] Reeves is proceeding *pro se* in this action. Therefore, documents filed with the court will be given a liberal construction in the interest of justice. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (quotations omitted), *cert. denied*, 549 U.S. 1323, 127 S.Ct. 1908 (2007).

a change in controlling law is one of the core reasons for filing and granting a motion for reconsideration.") (collecting cases).  However, motion for reconsideration "cannot be brought solely to relitigate issues already raised in an earlier motion." *Harris v. Corrections Corp. of America,* 2011 WL 2672553, 1 (11th Cir. July 11, 2011) citing *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Reeves has not presented any evidence of an intervening change in controlling law, new evidence which was not available at the time of the Court's decision, or any clear error or manifest injustice.  The objections raised by Reeves in support of his motion to reconsider are substantially similar to objections and arguments previously raised in opposition to the motion to dismiss for lack of jurisdiction or as an objection to the Magistrate Judge's Report and Recommendation (docs. 12, 16, 19).  The Court has already given thorough consideration to the arguments presented and the underlying evidence.  Accordingly, the motion to reconsider is DENIED.

**DONE** and **ORDERED** this 3rd day of July, 2012.

 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**